## Powers, Appellant, *v.* Curtis.

*Contract—Evidence.*

Defendant wrote to plaintiff stating that he would like to have him prepare some advertising leaflets. Plaintiff prepared a leaflet and sent it to defendant with the price marked upon it " one hundred dollars, if satisfactory." It was not satisfactory and was returned to plaintiff, who then sent the second leaflet of the series with a letter in which he said : " I put down in my book $200 against you, but I'll wipe it all out if I cant suit you." Defendant then replied, " the primers are good, but I do not care to pay the price you name, your first offer is $100 for the series ; your favor of the 27th names $200 ; I am afraid by the time the series are finished the price would be up in the thousands." *Held*, that the evidence did not disclose a contract, or the consent of two minds to a proposition.

Argued Jan. 18, 1892. Appeal, No. 67, Jan. T., 1892, by plaintiff, J. E. Powers, from judgment of nonsuit in favor of defendant, Cyrus H. K. Curtis, by C. P. No. 3, Phila. Co., Dec. T., 1889, No. 110. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit for work and labor done.

At the trial before REED, J., it appeared that the defendant wrote to the plaintiff requesting him to prepare a series of leaflets or primers as an advertisement of the Ladies Home

Journal of which the defendant was proprietor. Plaintiff prepared a leaflet and sent it to defendant with the price marked upon it, " one hundred dollars, if satisfactory." Defendant was not satisfied with it and returned it to the plaintiff, who then sent the second leaflet of the series with a letter in which he said : "I put down in my book $200 against you, but I'll wipe it all out if I can't suit you." Defendant then sent the following letter :

" The primers are good, but I do not care to pay the price you name. Your first offer is for one hundred dollars for the series ; your favor of the 27th names two hundred dollars : I am afraid that by the time that the series are finished the price would be up in the thousands. In thinking this matter over I have felt that I would not care to pay even a hundred dollars. I do not think it really necessary to go to that expense. In the first place I am having as much advertising come to me as I can possibly accommodate, which is of course well enough for the present ; furthermore, what there is to tell, I believe I can do myself, as I shall be relieved hereafter of a great deal of work in other departments."

The defendant having refused to pay plaintiff for services in preparing these two leaflets, suit was brought.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the refusal to take off nonsuit.

*Horace L. Cheyney*, *N. DuBois Miller* and *Biddle & Ward* with him, for appellant, cited Singerly v. Thayer, 108 Pa. 291 ; Krum v. Mersher, 116 Pa. 17 ; Seeley v. Welles, 120 Pa. 69 ; Furniture Co. v. Warsaw School District, 130 Pa. 76 ; Howard v. Smedley, 140 Pa. 81.

*J. Martin Rommel*, *James M. West* with him, for appellee, cited Howard v. Smedley, 140 Pa. 81.

PER CURIAM, February 1, 1892.

We do not think the court below erred in refusing to take off the nonsuit. The plaintiff's evidence did not establish a contract between the parties. The plaintiff stated, when upon the witness stand, that No. 1 of the series of leaflets was not made in accordance with the specifications received by him from the defendant. It was sent to the latter with the price marked

upon it, "one hundred dollars, if satisfactory." It was not satisfactory, and was returned to the plaintiff. The plaintiff then sent the defendant No. 2 of the series, and, on Oct. 1, 1889, defendant wrote to plaintiff, that "the primers are good, but I do not care to pay the price you name. Your first offer is $100 for the series; your favor of the 27th names $200; I am afraid, by the time the series are finished, the price would be up in the thousands." We need not refer at length to the correspondence between the parties. It is sufficient to say, that it does not disclose a contract, or the consent of two minds to a proposition.

Judgment affirmed.